UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JAMES CERDA | CIVIL ACTION NO. 04-CV-1661 |
|---|---|
| -vs- | JUDGE DRELL |
| UNITED PARCEL SERVICE, INC. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is Defendant United Parcel Service, Inc.'s Motion for Summary Judgment. (Doc. 15). Plaintiff James Cerda opposes the Motion. (Doc. 21). After reviewing the pleadings and the applicable law, Defendant's Motion will be GRANTED. A separate judgment will issue accordingly.

Background

Plaintiff was employed by United Parcel Service (hereinafter UPS) at the Delhi Louisiana Delivery Center from January 30, 1981 until he was terminated on October 10, 2003. (Doc. 1). At the time of his termination, Mr. Cerda was 52 years old. (Depo. James Cerda, Doc. 15, Exh. 1, p. 27, testifying that he was born on August 21, 1951). As a UPS employee, Mr. Cerda worked as a package car delivery driver. (Doc. 15). Mr. Cerda's driving record during his tenure with UPS included twenty-three vehicular accidents as well as multiple warnings

instructing Mr. Cerda to wear his seatbelt at all times while driving and set the vehicle's handbrake before making each delivery. (Doc. 15). Prior to October 2003, UPS had attempted to terminate his employment three times. On each occasion, a union grievance panel reduced the discharge to a suspension and eventually returned Mr. Cerda to work. (Doc. 15).

On September 20, 2003, Mr. Cerda failed to ensure the handbrake was properly set prior to leaving his vehicle to deliver a package.[1] (Doc. 15). The vehicle, parked on an incline, rolled backward and into a UPS customer's home. (Doc. 15). After reviewing Mr. Cerda's driving record, UPS terminated his employment. (Doc. 15). On this occasion, the union grievance panel upheld the termination decision. (Doc. 15). During his hearing before the grievance panel, Mr. Cerda did not allege his termination was due to his age or sex, even though the panel was authorized to determine the merits of such allegations. (Doc. 15).

Following his dismissal, Mr. Cerda filed a Charge of Discrimination against UPS with the Equal Employment Opportunity Commission (EEOC). (Doc. 1). The EEOC issued a Notice of Right to Sue letter to Mr. Cerda. (Doc. 1). Mr. Cerda then commenced this litigation, alleging that UPS discriminated against him because of his age and sex in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (hereinafter Title VII) and the Age

---

[1] The parties disagree about how to characterize whether Mr. Cerda properly set the handbrake before leaving his vehicle. (Compare Plaintiff's Summary of Material Disputed Facts (Doc. 21) and Defendant's Statement of Material Facts (Doc. 15)). This disagreement, however, does not need to be resolved for us to decide the outcome of this motion.

2

Discrimination in Employment Act (hereinafter ADEA). (Doc. 1). UPS maintains that Mr. Cerda's employment was terminated because of his "horrendous driving record." (Doc. 15). To support his allegations, Mr. Cerda testified in his deposition that the following employees were treated differently than he was because of their age and/or sex:

(1)    Ms. Diana McLemore struck another vehicle from behind, causing injuries and substantial damage to the other vehicle. To Mr. Cerda's knowledge, she was not disciplined. Mr. Cerda thinks he and Ms. McLemore are "in the same age category." (Depo. Mr. Cerda, Doc. 21, Exh. 1, p. 39).

(2)    Ms. Sarah Jones-Taylor's vehicle rolled over on an undefined date during the 1980s. Mr. Cerda did not know the circumstances surrounding the rollover, Ms. Jones-Taylor's driving record at the time of the rollover, or whether she was disciplined as a result of the accident. At the time of the accident, Ms. Jones-Taylor was in her 20s. (Depo. Mr. Cerda, Doc. 21, Exh. 1, p. 40-41).

(3)    Mr. John Mosely was involved in a rollover and several other serious accidents. To Mr. Cerda's knowledge, Mr. Mosely was not disciplined. At the time he was about 55 years old. (Depo. Mr. Cerda, Doc. 21, Exh. 1, p. 42, 51)

(4)    Mr. Wayne Horton, who is "approximately 20" years younger than Mr. Cerda, was involved in two accidents: a roll-away that caused $15,700 of damage and an accident resulting from Mr. Horton striking a van in an

intersection. Mr. Cerda did not know whether Mr. Horton was disciplined for either of these incidents. (Depo. Mr. Cerda, Doc. 21, Exh. 1, p. 64-68).

Law and Analysis

    A.   Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the movant's position will not be sufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

B.  Employment Discrimination Standards

Title VII prohibits employers from discriminating against employees on the basis of sex. 42 U.S.C. §200e-2(a). Likewise, the ADEA prohibits employment discrimination on the basis of age. 29 U.S.C. § 623. Because the standard of proof for claims arising under Title VII and the ADEA are similar (Roberson v. Alltel Info. Servs., 373 F.3d 647 (5th Cir. 2004)) the law applicable to both claims will be explained together.

A plaintiff claiming he was discriminated against in the employment context "must first establish a *prima facie* case of discrimination by a preponderance of the evidence" to survive a motion for summary judgment. Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804, 93 S.Ct. 1817 (1973)). A plaintiff must satisfy a four-part test, termed the McDonnell Douglas test, to establish a *prima facie* case. The first three elements required to substantiate claims under both Title VII and the ADEA are the same. To establish a *prima facie* case of sex or age discrimination, a plaintiff must prove that he (1) is a member of a protected class; (2) was qualified for his position; and (3) was subjected to an adverse employment action. Shackelford v. Deloittte & Touche, LLP, 190 F.3d 398 (5th Cir. 1999). Under Title VII, the plaintiff must also prove that he was replaced by someone outside of the protected class or he was discriminated against because of his sex. Rutherford v. Harris County Texas, 197 F.3d 173 (5th Cir. 1999). In a Title VII action, an employee's subjective, unsupported belief that he has been

discriminated against is insufficient to merit judicial relief. Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400 (5th Cir. 2001). For an ADEA claim, the fourth element may be satisfied if the plaintiff shows he was replaced by someone outside of the protected class or by a younger individual or he was otherwise discharged because of his age. Machinchick v. PB Power, Inc., 398 F.3d 345 (5th Cir. 2005).

In summary judgment cases, if the plaintiff fails to prove any one of these elements, the court must grant summary judgment in the defendant's favor. Munoz v. Orr, 200 F.3d 291 (5th Cir. 2000). If, however, the plaintiff does establish a *prima facie* case of discrimination, a presumption of discrimination arises, which the defendant can rebut by articulating a legitimate, nondiscriminatory reason for its actions. Shackelford, 190 F.3d at 404. Once the defendant produces a legitimate, nondiscriminatory reason for its actions, the burden shifts back to the plaintiff to prove that the proffered reason is a pretext for discrimination. Shackelford, 190 F.3d at 404.

    1. Title VII

For the purposes of its Motion for Summary Judgment, UPS concedes that Mr. Cerda satisfied the first three elements of the McDonnell Douglas test. However, UPS challenges Mr. Cerda's ability to show he was replaced by someone outside of the protected class or he was discriminated against because he is male. UPS claims, and Mr. Cerda does not challenge, that Mr. Cerda was replaced by another UPS driver, also a male, in accordance with the Union

6

seniority system. (Doc. 15). Since UPS's statement remains unchallenged, we will assume it is true and, therefore, Mr. Cerda was not replaced by someone outside the protected class.

UPS also asserts that Mr. Cerda has failed to show he was treated differently than similarly situated female employees. (Doc. 15). Having reviewed the pleadings and exhibits, we agree. Although Mr. Cerda has provided deposition testimony indicating UPS may have treated some women more favorably than men, there is no indication that any favorable treatment of women was related to Mr. Cerda's dismissal. Mr. Cerda provided us with the names of two women who were involved in traffic accidents (see listing of four drivers given above). There is no evidence, however, that these female drivers had driving records that even began to compare with his. Rather, the description of those drivers only indicates they were involved in a few mishaps and may or may not have been disciplined. Additionally, Mr. Cerda discussed two *men* who also had at least one traffic accident and were not terminated. Unlike these drivers, Mr. Cerda was involved in nearly two dozen vehicular mishaps, twenty for which he was responsible; previously had been terminated thrice for those accidents (but reinstated only because of the Union's efforts); was the *only* UPS driver from the UPS Delhi Louisiana Delivery Center to *ever* appear before the union grievance panel, and clearly the only one to so appear *three* times; and was finally terminated following a roll-away accident.

For Mr. Cerda to compare his situation to that of any other driver to show he was discriminated against is like comparing the quantity of food an infant consumes to that of a professional male wrestler to argue that the infant is being starved. Such a comparison is simply off-base. In spite of his attempts to muddy the waters surrounding his driving history, it appears that Mr. Cerda's record had no equal. He cannot show he was treated differently than women in similar situations because *no one else*, male or female, was in a remotely similar situation. Because Mr. Cerda has failed to show he was replaced by someone outside of the protected class, that is, a woman, or he was discriminated against because he was male, Defendant's Motion for Summary Judgment will be granted as to Mr. Cerda's Title VII sex discrimination claim.

2.  ADEA

For the purposes of its Motion for Summary Judgment, Defendant concedes that Plaintiff can satisfy all four elements of his *prima facie* case. (Doc. 15). Because of UPS's limited concession, the burden shifts to Defendant to provide a legitimate, nondiscriminatory reason for its actions pursuant to the McDonnell Douglas framework.

UPS challenges Mr. Cerda's ability to navigate the remaining portions of the McDonnell Douglas analysis. UPS maintains that Mr. Cerda's termination resulted from his poor driving record, not from the company's preference for younger drivers. We consider Defendant's explanation a legitimate, nondiscriminatory reason for its action. Since UPS offered a legitimate,

nondiscriminatory reason for its actions, the burden returns to Mr. Cerda to show that this reason is merely a pretext for discrimination. Plaintiff fails to do so.

Plaintiff attempts to show that UPS's proferred reason is a pretext because, according to Mr. Cerda, drivers under the age of forty were treated differently than was he. (Doc. 21). However, in Mr. Cerda's deposition, he testified that Ms. McLemore was about his age when her accident occurred and that he did not know of any adverse employment action taken against her. He also testified that Mr. Mosely was *older* than he at the time of Mr. Mosely's accident and that Mr. Cerda was unaware of any employment action taken against him either. While Mr. Cerda provided us with two examples of younger employees not being terminated following traffic mishaps, he also gave two examples of employees within the protected age class who were not disciplined. The Court is unable to find, then, that UPS treated workers over the age of forty any differently than those under the age of forty.

Conclusion

Because Mr. Cerda is unable to demonstrate that female and/or younger workers who had driving records similar to his own were treated any differently than he was, Defendant's Motion for Summary Judgment will be GRANTED.

SIGNED on this 14th day of December, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge